**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

IN RE:
**TIAN RECLAMATION & CONTRACTING, INC.**          **CHAPTER 11**

    **DEBTOR.**                                  **BANKRUPTCY CASE NO. 15-20602**

**TIAN RECLAMATION & CONTRACTING, INC AMENDED PLAN OF
REORGANIZATION DATED APRIL 15, 2019**

**ARTICLE I
SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Tian Reclamation & Contracting, Inc (the "Debtor") from cash flow from operations, future income and sale of assets.

This Plan provides for 2 classes of Priority claims, 1 class of secured claims; and 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01    <u>Class l.</u>    All allowed administrative claims

2.02    Class 2-A    All allowed post petition claims entitled to priority under 507(a)(8) of the Code.

<u>Class 2</u>-B    All allowed pre petition claims entitled to priority under 507(a)(8) of the Code.

    2.03    Class 3    All secured claims.

    <u>2.04</u>    <u>Class 4</u>.    Allowed Priority Uncecured per 507(a)(1), (4), (5), (6), and (a)(7) of the Code.

    <u>2.05</u>    <u>Class 4</u>.    General Unsecured

    <u>2.06</u>    <u>Class 4</u>.    Equity interests of the Debtor

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES. AND PRIORITY TAX CLAIMS

    3.01    Unclassified Claims.  Under section§1123(a)( 1), administrative expense claims, ["gap" period claims in an involuntary case allowed under§ 502(f) of the Code,] and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims.</u>  Each holder of an administrative expense claim allowed under§ 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid within 5 years of the order for relief and in accordance with § 1129(a)(9)(C) of the Code.  The treatment of priority tax claims in set forth in Article IV, section 1.

    3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**1.**    **PRIORITY TAX CLAIMS**.

Each holder of a priority tax claim will be paid within 5 years of the order for relief and in accordance with § 1129(a)(9)(C)

**2.**    **PRIORITY TAX CLAIMS.**

Each holder of a priority tax claim will be paid within 5 years of the order for relief and in accordance with § 1129(a)(9)(C)

### 2-A    POST-PETITION PRIORITY CLAIMS

1. **Dept of Treasury/Internal Revenue Service (POC 12-6)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $19,238.42 | $ -0- |

2. **West Virginia State Tax Department (POC 7-5)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $ 118,804.43 | $ 57,498.00 |

3. **Work Force West Virginia (POC 14-1)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $ 43,242.44 | 36,529.00 |

The total claims in class 2-A is $94,027.00 and these claims will be paid pro-rata commencing on September 1, 2019 in monthly payments of $11,753.38 for 8 months and will be with the amount then due paid in full on April 1, 2020.

### 2-B    PRE -PETITION PRIORITY CLAIMS

1. **Dept of Treasury/Internal Revenue Service (POC 4-3)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $ 73,603.52 | $ 73,603.52 |

2. **West Virginia State Tax Department (POC 1-2)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $ 76,466.09 | $ 76,466.09 |

3. **Work Force West Virginia (POC 3-1)**

    | Type of claim | As Filed | AS treated under plan |
    |---|---|---|
    | Priority Claim | $ 85,054.57 | $ 20,000.00 |

The total claims in class 1-B is $170,069.61 and these claims will be paid pro-rata commencing on May 1, 2020 in monthly payments of $12,147.83 until paid in full on July 1, 2021.

3. **SECURED CLAIMS**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or set offs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified  a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims, **with collateral values as of the date of filing**, and their proposed treatment under the Plan:

**Class 3: SECURED CLAIMS**

1. **Beacon Equipment Leasing, LLC**
    a. Agreed or anticipated terms:
       Original Amount due:      $320,000.00
       Amount Due                $     -0-
       Monthly Payment:          $  8,890.28
       Interest                         0%
       Term:                           36 mos
       Final Payment Date:       March 1, 2019

    b. **Collateral per UCC filing:**

       i    One (1) Powerscreen Pegson 2010 XA400S Jaw Crusher, S/N PIDXA40SVOMA81264
       ii   One (1) Powerscreen 2010 Chieftain 1700 Track, S/N PID00129VDGA71044
       iii  One (1) Powerscreen 2008 Chieftain 1400 Track, S/N PID00066V81D30313
       iv   One (1) Powerscreen 2012 Chieftain 1700S 2 Deck, S/N PID00129KDGC54990
       v    One (1) Powerscreen 2012 XA 400S Jaw Crusher, S/N PIDXA40SJOMC44914

    c. Collateral value:           Total   $290,000.00
       i    $ 75,000.00
       ii   $ 50,000.00
       iii  $ 35,000.00
       iv   $ 55,000.00
       v    $ 75,000.00

2. **Commercial Credit Group (POC 5-1 and 6-1)**
    a. Agreed or anticipated terms:
       Original Amount due:      $408,768.95
       Current Amount Due        $ 12,436.00
       Monthly Payment:          $ 12,436.00
       Interest                         6%
       Term:                           36 mos
       Final Payment Date:       May 1, 2019

    b. **Collateral per UCC filing:**

       i    One (1) 2000 Caterpillar 980G Wheel Loader with 6.0 CYD GP Bucket and Bolt-On Cutting Edge, S/N 2KR03709
       ii   One (1) 2000 Caterpillar 980G Wheel Loader with 6.0 CYD GP Bucket and Bolt-On Cutting Edge, S/N 2KR03758

    iii One (1) 2001 Caterpillar 980G Wheel Loader with GP Bucket, S/N 2KR04330
    iv One (1) 1991 Caterpillar 980C Wheel Loader with GP Bucket, S/N 63X09683
    v One (1) 1998 Caterpillar 980G Wheel Loader with GP Bucket, S/N 2KR01942
    vi One (1) 2004 Caterpillar 980G Wheel Loader with GP Bucket, S/N AWH02153
    vii One (1) 1999 Komatsu PC 200 LC, S/N 105223
    viii One (1) 2003 Komatsu PC 220LC, S/N A86215
    ix One (1) 2003 Komatsu PC 200LC, S/N A86223
    x One (1) 1996 Caterpillar 980G, S/N 2KR03424
    xi One (1) 2005 Caterpillar s/n AWH02423

  **c.** **Collateral value:**  Total **$441,000.00**
    i $ 43,000.00
    ii $ 43,000.00
    iii $ 50,000.00
    iv $ 35,000.00
    v $ 30,000.00
    vi $ 57,000.00
    vii $ 28,000.00
    viii $ 32,000.00
    ix $ 35,000.00
    x $ 30,000.00
    xi $ 58,000.00

**3.** **Carter Machinery Co., Inc.**
  **a.** Agreed or anticipated terms:
    Original Amount due:  $ 89,629.895
    Current Amount Due  $ 10,744.00
    Monthly Payment:  $ 2,686.00
    Interest  5%
    Term:  36 mos
    Final Payment Date:  August 1, 2019

  **b.** **Collateral per UCC filing:**

    i One (1) Caterpillar 980G, Serial Number 2KR00873
    iii One (1) Caterpillar 980G, Serial Number AWH02253 (engine bad)
    iii One (1) Caterpillar 980G, Serial Number AWH01807 (pin bad)

  **c.** **Collateral value:**  Total **$ 110,000.00**
    I $ 30,000.00
    ii $ 40,000.00
    iii $ 40,000.00

**4.** **Rish Equipment Company**

  a. **Agreed or anticipated terms:**
    Amount due:  $ 57,800.00
    Monthly Payment: $ 1,204.17
    Interest    0%
    Term:    48 mos
    First Payment Date: July 1, 2019
    Final Payment Date: July 1, 2023

  b. **Collateral per UCC filing:**
    i One (1) Komatsu Model PC200LC-8 Excavator, S/N C60981
    ii One (1) Komatsu Model PC300LC-7 Excavator, S/N A85041
    iii One (1) Komatsu Model PC300LC-8 Excavator, S/N A90397

  c. **Collateral value:**  Total   $ 95,000.00
    i $ 30,000.00
    ii $ 30,000.00
    iii $ 35,000.00

5. **Powerscreen Crushing and Screening**
  a. **Agreed or anticipated terms:**
    Amount due:  $113,000.00
    Monthly Payment: $ 2,354.17
    Interest    0%
    Term:    48 mos
    First Payment Date: July 1, 2019
    Final Payment Date: July 1, 2023

  b. **Collateral per Rental Agreements:**
    i One (1) Impactor Power Screen Crusher  SN# 280174cg
    ii One (1) Metro Trak Crusher SN#AX818P048 (Bad engine)
    iii One (1) 1160 Premiertrax Power Screen Crusher SN XA40510MAF0840
    iv One (1) 1800 Power Screen Crusher SN# 12003547
    v One (1) 1400 Power Screen Crusher SN# 68C76D30084

  c. **Collateral value:**  Total   $123,000.00
    i $ 30,00,0.00
    ii $ 13,000.00
    iii $ 40,000.00
    iv $ 20,000.00
    v $ 20,000.00

6. **Powerscreen Connecticut, Inc.**
  a. **Agreed or anticipated terms:**
    Amount due:  $ 57,000.00
    Monthly Payment: $ 1,187.50
    Interest    0%
    Term:    48 mos
    First Payment Date: July 1, 2019

       Final Payment Date:       July 1, 2023

    **b.**    **Collateral per Invoice filing:**
       i    2002 26x44Preimertrack Jaw Crusher SN# QM15942T

    **c.**    **Collateral value:**
       i    $ 50,000.00

**4.**    ***CLASSES OF PRIORITY UNSECURED CLAIMS***

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

NONE

**5.**    **CLASS OF GENERAL UNSECURED CLAIMS**

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of general unsecured claims against the Debtor:

**Class 5: GENERAL UNSECURED CLAIMS**

That unsecured claims including the non-priority portion of tax claims creditors who have filed proofs of claim and who are anticipated to file proofs of claim are as follows:

| # | Creditor | Unsecured Claim or portion |
|---|---|---|
| 1. | West Virginia State Tax Department (POC 1-2) - | $242,277.14 |
| 2 | J P Technical Services (POC 2-1) | $ 7,319.60 |
| 3. | Work Force West Virginia (POC 3-1) | $ -0- |
| 4. | Dept of Treasury/Internal Revenue Service (POC 4-3) | $791,110.85 |
| 5 | Commercial Credit Group, Inc (POC 5-1) | $ -0- |
| 6 | Commercial Credit Group, Inc (POC 6-1) | $ -0- |
| 7 | West Virginia State Tax Dept (POC 7-5) post petition- | $ -0- |
| 8 | Ellen Kennedy/Ask LLP (POC 8-1) | $ -0- |
| 9 | American Int'l Group (POC 9-1) | $ 1,600.00 |
| 10 | Mine Health & Safety (POC 10-1) | $ 19,311.59 |
| 11 | Beacon Equipment Leasing, LLC (POC 10-1) | $ -0- |
| 12 | Dept of Treasury/IRS (POC 12-6) | $ -0- |

| 13 | Powerscreen Connecticut, Inc. | $ -0- |
| 14 | Work Force West Virginia (POC 14-1) | $ -0- |
| | Total Claims | $1,061,618.59 |

The total claims in class 4 is $1,061,618.59 and these claims will be paid Five Percent (5%) of the amount of their claim pro-rata commencing on August 1, 2021 in four equal monthly installments of $13,270.23.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01  Disputed Claim.** A disputed claim is a claim that has not been allowed or claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02  Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03  Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01  Assumed Executory Contracts and Unexpired Leases.**

(a)  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan,' or other applicable date: Lease Agreement with ---------------------------

(b)  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 601(a) above, or before the date of the order confirming this Plan, upon the (Insert 'effective date of this Plan, "the date of the entry of the order confirming this Plan,,. or other applicable date). A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____  _____  ( _ ) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be implemented by payments and distributions from both the ongoing operating income of the Debtor and, as necessary, by sale of assets of the

**Debtor If the operating income of the Debtor is not sufficient or it is more advantages to sell certain properties pursuant to 11 U.S.C. Section 363(f).**

**Tim Hannigan will continue to serve as sole director and officer of the reorganized debtor.**

## ARTICLE VIII
## GENERAL PROVISIONS

**8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:**

**NONE**

**8.02   Effective Date of Plan. The effective date of this Plan is the first day of the month next after the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day of the month after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.**

**8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.**

**8.04 Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.**

**8.05 Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.**

**8.06   Controlling Effect.   Unless a rule of law or procedure is supplied by federal law including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of West Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.**

## ARTICLE IX
## DISCHARGE

**9.01 Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A)  if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).**

## ARTICLE X

## **OTHER PROVISIONS**

**Release of Liens**  Any lien of record filed by any secured priority or unsecured creditor whether perfected or unperfected shall be released and discharged upon completion of payments to each creditor. The court will retain jurisdiction to enter orders setting aside liens and assessing attorneys fees and cost against any creditor or party in interest who fails to voluntarily release any lien upon completion of payments provided for under the Plan upon request by the debtor.

       **Respectfully submitted,**

  **By:**  **/s/ Tim Hanigan**
     **TIAN RECLAMATION & CONTRACTING, INC.**
     **Plan Proponent**

    **By: /s/  James M. Pierson**
      **James M. Pierson, Esq.**